(Nos. 83-CC-1488, 83-CC-1489—)

CARMODY AUTO, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Order filed May 9, 1984.*

LEONARD H. CARMODY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER,
Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This cause having come for consideration on the joint stipulation of the Claimant, Carmody Auto, and the Respondent, State of Illinois, and the Court being duly advised in the premises;

The Court finds that these claims arise from the same lease, concern the same building, during the same time period, and would have been paid from the same appropriation. It appears from the joint stipulation submitted by the parties that the building in question is owned by Carmody Auto, and is located in East St. Louis, Illinois, where it was used continually from September through December 1981 by the State Community College, East St. Louis, Illinois, pursuant to a lease. When the lease was terminated in December of 1981, the weather was such that it was difficult for the State Community College to completely vacate the building, and the building was not completely vacated until February 1982. During this time the State Community College incurred the amount of $1,511.66 in rent at a rate of $755.83 per month. Furthermore, because of the inclem-

ent weather, the State Community College was unable to complete cleaning the building and making some repairs in the amount of $840.00. Both of these amounts were stipulated to as being reasonable by the Claimant and the Respondent.

The stipulation of the Claimant and Respondent also establishes that there was no money remaining in the appropriation of the Community College to pay this claim, and the 2% transfer funds were also unavailable. This Court has consistently held in the past that it is unable to expend an appropriation beyond what the legislature has appropriated for that fiscal year. Article VIII, section 2(b) of the Illinois Constitution of 1980 prohibits this Court from appropriating money to pay this claim, as does section 30 of "An Act in relation to State finance" (Ill. Rev. Stat. 1983, ch. 127, par. 166). We have consistently held, as in *St. Mary's Hospital v. State* (1981), 35 Ill. Ct. Cl. 440, that to make an award where no unobligated funds lapsed at the end of the fiscal year would be to make a supplemental appropriation and, according to the constitution of this State, this is a power belonging solely to the legislature. Ill. Const. 1970, art. VIII, sec. 2(b).

This Court is not necessarily bound by a stipulation such as was submitted by the Claimant and the Respondent in this matter. However, the Court has no desire to interpose a controversy where none appears to exist. This stipulation submitted by the parties appears to have been entered into freely and fairly and its contents appear to be reasonable. The Court, therefore, finds no reason not to accept this stipulation.

It is hereby ordered that this claim, although it is a fair and proper claim against the State of Illinois, which

should have been paid, must be denied by this Court for lack of an adequate appropriation from which it could have been paid.